**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Valerie McDonald,<br><br>        Plaintiff(s),<br><br>vs.<br><br>MRS BPO, LLC,<br><br>        Defendant(s). | 2:23-cv-01553-APG-MDC<br><br>**Order pertaining to the March 22, 2024 hearing (ECF No. 17)** |

The Court held a hearing (ECF No. 17) on pro se plaintiff Valerie McDonald's motion to compel (ECF No. 11). The Court now notes that plaintiff McDonald signed her name on her reply with the following disclaimer: "ARR w/o Recourse." Plaintiff filed the reply to the motion to compel minutes before the hearing, so the Court did not have the chance to address this issue at the hearing.

When a litigant affixes the phrase without recourse next to the signature it strongly suggests that the litigant is attempting to avoid the potential consequences of untruthful answers. See *Bey v. Nev. Power Co.*, 2022 U.S. Dist. LEXIS 185371, 3, citing to *Bey v. Mower Cty. HHS Office of Child Support*, No. 15-cv-2728 (JNE/TNL), 2015 U.S. Dist. LEXIS 96970, at 2 (D. Minn. June 24, 2015). Another court rejected a settlement agreement where the "[p]laintiff placed the words 'without prejudice' above his signature." *Bland v. Badger*, No. 1:19-cv-00702-DAD-EPG (PC), 2020 U.S. Dist. LEXIS 16338, at 2 (E.D. Cal. Jan. 30, 2020). This Court has the inherent power to strike material from the docket to control litigation conduct and to supervise the contents of that docket. *Ready Transp., Inc. v. AAR, Mfg.*, 627 F.3d 402, 404-05 (9 Cir. 2010).

This signature on the reply is deficient because of plaintiff's disclaimer. Plaintiff must sign her name on future filings without use of the phrase "without recourse." The Court is unsure of what ARR refers to, but it appears to be part of plaintiff's disclaimer. The Court thus orders that she shall not include ARR, or any other disclaimer, after her signature. The Court warns plaintiff that she must sign her name

without the use of disclaimers on future filings in this Court and papers related to litigation The Court may strike her filings, or sanction her, for disobeying this order.

**It is so ordered** that plaintiff Valerie McDonald is CAUTIONED that she must sign all future filings and papers related to this litigation without use of any disclaimers, as described in this order. Failure to comply with this order may result in striking plaintiff's filings or sanctions.

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this order may result in dismissal of this case.

It is so ordered.

Dated this 22nd day of March 2024.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge